**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BRADLEY E. GRAVES,

      Defendant-Appellant.

No. 96-3170

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 95-CR-10083)**

---

Steven K. Gradert, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with him on the briefs), Wichita, Kansas, for Defendant-Appellant.

Debra L. Barnett, Assistant United States Attorney (Jackie N. Williams, United States Attorney, with her on the brief), Wichita, Kansas, for Plaintiff-Appellee.

---

Before **PORFILIO, HOLLOWAY,** and **ANDERSON**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

Defendant Bradley Graves appeals the district court's refusal to allow him to withdraw his guilty plea on two firearms-related charges. For the reasons stated below, we affirm.

In January 1996, Mr. Graves pled guilty to one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). In exchange for Mr. Graves' guilty plea on these two counts, the government dismissed four other firearm and drug-related charges. In March 1996, Mr. Graves filed a motion to withdraw his plea. The district court denied the motion based on its substantial compliance with Rule 11 and Mr. Graves' awareness of the charges to which he pled guilty. The court then sentenced Mr. Graves to 131 months in prison.

Although a defendant's motion to withdraw a plea before sentencing should be "freely allowed and treated with liberality," a trial court's decision on this issue is nevertheless discretionary. *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir. 1978). We therefore review the district court's denial of Mr. Graves' motion for abuse of discretion and will not reverse absent a showing that the court acted "unjustly or unfairly." *Id.* We consider the district court's finding of a factual basis for Mr. Graves' guilty plea under the "clearly erroneous" standard of review. *United States v. Barnhardt*, 93 F.3d 706, 708-09 (10th Cir. 1996).

Rule 32(d) of the Federal Rules of Criminal Procedure provides that a district court may allow a defendant to withdraw his or her guilty plea before sentencing "upon a showing . . . of any fair and just reason." Fed. R. Crim. P. 32(d). The burden of demonstrating a fair and just reason rests with the defendant, based on the following

- 2 -

considerations: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). On appeal, Mr. Graves offers three "fair and just" reasons why the district court should have allowed him to withdraw his plea. First, he denies engaging in any drug trafficking crime and therefore claims to be innocent of the § 924(c) charge. Second, he argues that his plea regarding the § 924(c) charge lacked a factual basis. Finally, Mr. Graves contends that his plea was not intelligently or voluntarily made because he was not presented with the final plea agreement until the night before trial, leaving him little time to consider his decision. We consider each argument in turn.

To sustain a conviction under 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a drug trafficking crime, the government must prove that the defendant committed the underlying drug count, though a separate conviction on that count is not necessary. *United States v. Hill*, 971 F.2d 1461, 1467 (10th Cir. 1992). Thus, if Mr. Graves did not in fact engage in the drug trafficking crime alleged in the government's indictment--possession with intent to distribute crack cocaine--then he is factually innocent of the § 924(c) charge and presents an arguably fair and just reason to withdraw his plea. Given the facts contained in the presentence report and Mr. Graves' oral and written representations to the district court at his Rule 11 hearing, however, we

are not concerned in this instance that an innocent defendant mistakenly pled guilty to a crime he did not commit.

In its presence report, the U.S. Probation Office noted the following with regard to the charges to which Mr. Graves pled guilty:

> On April 22, 1995, a [Wichita Police Department] officer was conducting surveillance from the top of E & H at 2225 E. 9th Street, Wichita, Kansas. The officer observed several men standing under the overhead light exchanging crack cocaine. At one point, Bradley Graves approached a man standing under the light. The man said to Graves, "Do you got any?" Graves responded "No, I don't have anymore, but hold on." Graves then went across the street to retrieve something from a car. He returned to where the first man was standing. They both then went into E & H.
>
> Approximately two minutes later, Graves and a man exited E & H. They were eventually approached by a third man, later identified as Otis Butler. Mr. Graves said to Butler, "Where have you been? I've been looking for you." Butler responded, "I just got back." Butler then showed Graves four to five crack rocks in his hand. He then put the crack rocks in his mouth. (Note: The officer could actually hear these conversations and see the crack rocks from his location.) Officers positioned nearby were informed that the men were leaving the area and that they had crack cocaine in their possession. In addition, the officer had noted that Graves had an abnormal bulge in his shorts which he believed to be a gun.
>
> Officers identified themselves and attempted to apprehend the three men. The men took off running in different directions. Butler and Graves were apprehended. During the chase, Butler threw the crack rocks (.80 grams) and Graves dropped a loaded 9mm Firestar Plus handgun through his shorts. These facts form the basis of Counts 1 and 2 of the Second Superseding Indictment.

Because Mr. Graves did not object to the facts contained in the presentence report, they are deemed admitted. *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994). As a

result, we can only conclude that Mr. Graves' claim of innocence is inconsistent with the observations of the Wichita police officers who ultimately apprehended him.

Mr. Graves' oral and written statements to the district court at his plea hearing also belie his claim of innocence. The district court asked Mr. Graves on four different occasions whether he understood the counts to which he was pleading guilty, naming the offenses listed in those counts twice. Each time, Mr. Graves assured the court that he understood the offenses at issue and wished to enter a guilty plea. Similarly, Mr. Graves' written petition to enter a guilty plea represented to the court that he understood the charges to which he was pleading guilty, that he committed the acts alleged in those two charges, and that he did not believe he was innocent. Given these statements and the facts contained in the presentence report, Mr. Graves' claim of innocence on appeal is simply unpersuasive to establish the district court's abuse of discretion in refusing to allow him to withdraw his plea.

For the same reasons, we also reject Mr. Graves' argument on appeal that the district court should have allowed him to withdraw his plea because it lacked a factual basis regarding the § 924(c) charge, as required by Rule 11(f).[1] We recognize that Mr. Graves did not expressly provide a factual basis for his participation in any drug trafficking crime when questioned by the district court regarding his plea. When asked

---

[1]Rule 11(f) provides that a district court "should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f).

what he had done that would make him guilty of the § 924(c) charge, Mr. Graves responded, "I was around people that was selling drugs and knowledgeable of it, and had a weapon at the time that the drugs transactions was taking place." We also recognize, however, that the district court considering Mr. Graves' plea was entitled to draw inferences from this statement, as would a jury at trial. *See United States v. LeDonne*, 21 F.3d 1418, 1428 (7th Cir. 1994). Though certainly Mr. Graves' Rule 11 hearing could have been handled more precisely, we hold the district court did not commit clear error in finding a factual basis for his plea at the time the plea was entered.

Moreover, we note that under Rule 11(f), a court may also satisfy the factual basis requirement by examining the presentence report. *United States v. Elias*, 937 F.2d 1514, 1517 (10th Cir. 1991). In this instance, the above-excerpted portion of the report indicates that Mr. Graves was actively involved in drug trafficking and that he and another individual had crack cocaine in their possession. As a result, the presentence report provides ample support for the district court's finding that a factual basis for the plea existed when considering Mr. Graves' motion to withdraw. Accordingly, we hold that the court did not abuse its discretion in refusing to allow Mr. Graves to withdraw his plea on this ground.

Equally unpersuasive is Mr. Graves' claim on appeal that the district court should have allowed him to withdraw his plea because he lacked adequate time to consider the government's final plea proposal. In this instance, plea negotiations with the government

began in August 1995, when the indictment was first filed.  Thus, Mr. Graves had months to consider the implications of the plea negotiations in which he was involved.  Because Mr. Graves did not ask for more time to consider his offer and admits receiving adequate advice from counsel regarding his plea, he cannot argue on appeal that his decision was too rushed or made without full information.  We therefore conclude that Mr. Graves' third argument on appeal, like the first two, is without merit and that the district court's denial of his motion to withdraw was well within its sound discretion.

Having rejected Mr. Graves' proffered justifications for withdrawing his plea, we pause only to note that this defendant would have been eligible for career offender sentencing had he been convicted of the offenses that were dismissed in this case, resulting in over twenty years' incarceration.  That being the case, Mr. Graves lacks not only a "fair and just" reason to withdraw his plea, but a prudent one as well.

**AFFIRMED**.