**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHERWOOD ALVIN LYLES, JR.,

Defendant-Appellant.

No. 97-6286
(D.C. No. 96-CR-108)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BARRETT**, and **TACHA,** Circuit Judges.

Mr. Sherwood A. Lyles pled guilty to one count of conspiracy to distribute cocaine and crack in violation of 21 U.S.C. § 846. On appeal, Mr. Lyles argues that the district court erred in (1) denying his request to withdraw his guilty plea; (2) finding him accountable for one-half kilogram of crack; and (3) denying his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

request for a downward departure.  We affirm.[1]

Mr. Lyles was a member of a crack distribution enterprise, the Main Street Mafia Crips (MSMC), which transported cocaine from California to Oklahoma for distribution.  Around June 22, 1995, Mr. Lyles and Mr. Pete Monroe both traveled separately from Los Angeles to Oklahoma City.  Mr. Monroe transported one-half kilogram of cocaine with him.  This cocaine was cooked into crack and sold.  Mr. Lyles sold one-half ounce of crack at two different locations before he was arrested.

In exchange for dismissal of all other counts against him, Mr. Lyles pled guilty to one count of conspiracy.  In his petition to enter a plea agreement, Mr. Lyles recognized that his maximum sentence could be life imprisonment, that his sentence would be "solely a matter for the judge to decide," and that the judge is required to consider all circumstances including relevant conduct and indictment charges to which Mr. Lyles did not plead.  Rec., vol. I., doc. 419, at 3.  The district court reviewed the plea agreement and asked a series of questions to assure that he understood the proceedings.  After reviewing his pre-sentence report four months later, however, Mr. Lyles moved to withdraw his plea.  He also changed

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(a)(2); 10th    Cir. R. 34.1(G).

counsel.  The district court found that Mr. Lyles' plea was knowing and voluntary and denied his motion.  Rec., vol. I, doc. 763.

During sentencing, the district court found Mr. Lyles responsible under relevant conduct for the half kilogram of cocaine Mr. Monroe brought for sale by the conspirators.  The court also found that Mr. Lyles was a full participant in the drugs sales force and was not eligible for a downward adjustment for playing a minor role.

## I.  Guilty Plea

Mr. Lyles argues he should have been allowed to withdraw his guilty plea because his counsel was ineffective.  He asserts several counsel errors: his counsel misrepresented his presentencing report; negotiated an inadequate plea agreement; and inadequately informed him of the consequences of the plea.

We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984); *see United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).  A defendant must establish that his counsel's performance objectively falls below the standard of reasonableness and that the deficient performance was prejudicial.  *Id.*  To show prejudice in a plea agreement, the defendant must establish that "'but for his counsel's errors, he would not have pleaded guilty and insisted on going to trial.'"  *Id.* (quoting *Hill v. Lockhart*, 474

-3-

U.S. 52, 59 (1985)).

Mr. Lyles' contention that his counsel's misrepresentation of his sentencing range constituted ineffective assistance is without merit. He makes the same arguments which we rejected in *Gordon*, where we held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Id.* We also held that since the defendant was informed about the uncertain nature of sentencing predictions, his mere allegations of prejudice were insufficient to establish the second prong of *Strickland*. *See id.* at 1571. In his petition to enter a plea, Mr. Lyles acknowledged that he understood sentencing would be discretionary, could differ from any calculations of the attorney, and could include other relevant conduct. Under these circumstances, we conclude Mr. Lyles has not adequately shown prejudice.

Mr. Lyles' next arguments are also dispensable under the *Strickland* test. He expresses his dissatisfaction with his plea agreement and argues that he was not adequately informed by counsel about the consequences of the plea. But under the first prong, Mr. Lyles proffers no evidence beyond mere allegations that his counsel conducted himself outside the range of a competent attorney. To the contrary, the plea record rebuts Mr. Lyles' complaints. During the plea proceedings, the court asked him about the sufficiency of his counsel, to which

Mr. Lyles responded with satisfaction. The record also shows that counsel reviewed the plea agreement with Mr. Lyles, and that the plea limited Mr. Lyles' responsibility for the relevant conduct of his coconspirators to a short period rather than the whole ten months of the conspiracy, thereby reducing his potential liability from over 15 kilograms of cocaine to one-half kilogram. The district court duly noted during the plea hearing the great advantage this gave Mr. Lyles in addition to the dismissal of the other charges pending against him. Mr. Lyles has not established his counsel was ineffective under the *Strickland* test.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997). It is established that one who enters a guilty plea has no right to withdraw it unless the trial court acted unjustly or unfairly. *See United States v. Barker*, 579 F.2d 1219, 1223 (10th Cir. 1978). Where Mr. Lyles' claims of ineffective assistance of counsel has failed, he also fails to show that the district court acted unfairly or unjustly in denying his motion to withdraw his guilty plea on that basis. *See Gordon*, 4 F.3d at 1573. We are further persuaded the record shows Mr. Lyles voluntarily and knowingly entered into the plea. The district court did not abuse its discretion in denying his motion to withdraw his guilty plea.

## II. Kilogram of Cocaine

Mr. Lyles objects to being held responsible for one-half kilogram of

cocaine. He argues that he only sold one-half ounce and was not involved with the remaining amount of cocaine Mr. Monroe transported to Oklahoma City. We review these factual findings for clear error, giving deference to the district court's application of the sentencing guidelines to the facts. Questions of law regarding the application of the guidelines are reviewed de novo. *See United States v. Lacey*, 86 F.3d 956, 967 (10th Cir. 1996).

The Sentencing Guidelines provide that all relevant conduct should be taken into account at sentencing. U.S.S.G. § 1B1.3(a)(1)(B) provides that relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." The district court found that Mr. Lyles by his plea was an admitted member of the cocaine and crack conspiracy. The court also found that Mr. Lyles was aware of the one-half kilogram of cocaine and that it was distributed during Mr. Lyles' active tenure as a crack salesman. Our review of the record, including relevant portions of the transcript of the trial of Mr. Lyles' coconspirators, persuades us it was reasonably foreseeable to Mr. Lyles that at least the one-half kilogram of cocaine brought in by Mr. Monroe was being distributed by Mr. Lyles' coconspirators.

### III. Downward Departure for Minor Role

Mr. Lyles asserts he should have received a reduction for his minor role in the conspiracy to reflect the brevity of his ten-day stay in Oklahoma City. We review the district court's determination that Mr. Lyles was not a minor participant as a finding of fact under the clearly erroneous standard, giving due deference to the court's application of the Sentencing Guidelines. *See United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994). The record reflects Mr. Lyles spent his ten days actively involved in selling crack along with his coconspirators. This depth of participation convinces us the district court did not err in denying Mr. Lyles a deduction for a minor role in the conspiracy, despite the brevity of his stay.

Finally, Mr. Lyles contends he should have received a discretionary downward departure under U.S.S.G § 5K2.0. Because Mr. Lyles failed to raise this issue in the district court, we decline to consider it on appeal. *See United States v. Simpson*, 152 F.3d 1241, 1249 n.4 (10th Cir. 1998).

In conclusion, we **AFFIRM** the district court in all its proceedings.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge