**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM SCOTT SOURS,

      Defendant-Appellant.

No. 98-5072
(D.C. No. 97-CR-114-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

On August 7, 1997, a grand jury indicted William Scott Sours on one count

of violating 18 U.S.C. § 2118(a) (robbery involving controlled substances) and 18

U.S.C. § 2118(c) (assault through use of dangerous weapon in violating

§ 2118(a)). On December 18, 1997, Sours pled guilty to the charge,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

acknowledging inter alia that he had driven from Kansas City, Missouri, to Tulsa, Oklahoma, robbed a pharmacy of over $500 worth of narcotics using a BB gun, and returned to Missouri with the stolen drugs. After conducting a hearing pursuant to Fed. R. Crim. P. 11, the district court accepted Sours' plea. However, on January 13, 1998, acting pro se, Sours moved to withdraw his guilty plea.[1] On February 11, 1998, the district court conducted a hearing on the motion, at which Sours was represented by counsel. Sours argued that he had a "fair and just reason" for withdrawing his plea under Fed. R. Crim. P. 32(e) because he may have an entrapment defense.[2] The district court denied the motion because Sours had failed to introduce any evidence that either Charles Coffman or Barbara Jett—two individuals who Sours alleged induced him to commit the robbery by providing supplies and suggestions for the crime—was a government informant. Subsequently, Sours moved for disclosure of the identity of an informant in his case to determine whether the informant was either Coffman or Jett. The district court denied the motion.

At sentencing, the district court increased Sours' base offense level by two-points under U.S.S.G. § 2B3.1(b)(4)(B) because Sours' offense involved the

---

[1]Sours had an attorney who withdrew shortly after entry of the plea but before his motion to withdraw his plea. Sours obtained another attorney after filing the motion but before the hearing on the motion.

[2]Rule 32(e) provides that "the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Civ. P. 32(e).

physical restraint of two victims (the pharmacy employees) during the robbery. The district court rejected Sours' argument that robbery necessarily involves restraint such that the adjustment would result in double-counting. The district court also rejected Sours' claim that 18 U.S.C. § 2118 exceeds Congress' Commerce Clause power.

Sours appeals, raising substantially the same claims as below. We affirm.

First, Sours argues that the district court erred in refusing to allow him to withdraw his guilty plea. Sours repeats his contention that he had a "fair and just reason" to withdraw his plea under Fed. R. Civ. P. 32(e) because "he thought that one or both of two individuals who induced him to commit the robbery may have been informants and therefore entrapped him." We reject this argument, finding the district court within its discretion in denying Sours' motion. See United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997) ("We . . . review the district court's denial of [a defendant's Rule 32(e)] motion for abuse of discretion and will not reverse absent a showing that the court acted 'unjustly or unfairly.'"). Under Rule 32(e),

> [t]he burden of demonstrating a fair and just reason rests with the defendant, based on the following considerations: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources.

Graves, 106 F.3d at 343. Like the district court, we find fatal Sours' failure to proffer any evidence that either Coffman or Jett could have been government informants, or that any government informant induced him to commit the robbery. Without any evidence of government inducement, Sours would have no viable defense of entrapment, and hence no reason, much less a fair and just reason, for withdrawing his guilty plea. See United States v. Duran, 133 F.3d 1324, 1330 (10th Cir. 1998) (defendant must "present[] sufficient evidence to put the affirmative defense of entrapment at issue," including sufficient evidence that defendant was "induced to commit the offense by government agents" (emphasis added) (citations and quotations omitted)). Furthermore, we have reviewed the district court's analysis of the seven factors listed in Graves for making a Rule 32(e) determination, and find no "arbitrary, capricious, whimsical, or manifestly unreasonable judgment" in the district court's denial of Sours' motion. See FDIC v. Oldenbury, 34 F.3d 1529, 1555 (10th Cir. 1994) (quotations and citations omitted) (defining abuse of discretion standard). We therefore affirm the district court's denial of Sours' motion to withdraw his guilty plea.

Second, Sours argues that the district court erred in refusing to order disclosure of the identity of the informant in his case. We find no abuse of discretion in the district court's denial. See United States v. Martinez, 979 F.2d 1424, 1426 (10th Cir. 1992) (refusal to disclose identity of confidential informant

reviewed for abuse of discretion).  As an initial matter, we note that there is "no fixed rule with respect to [whether] disclosure is justifiable.  The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  Id.  In this case, the informant told the Kansas City Police that Sours was in possession of a large amount of drugs, and the government averred it was unaware of any facts which would support an entrapment defense.  Additionally, the government informed the district court that Sours had a history of hurting people and that he wished to identify the informant for the purpose of exacting revenge.  For his part, Sours presented no reason for the disclosure other than mere speculation that the informant may have been either Coffman or Jett.  Because Sours had the burden of demonstrating a need for disclosure, see id., and presented no evidence that the informant did more than tip off the government, we cannot say that the public's interest in protecting the flow of information was outweighed by Sours' bare conjecture about his ability to raise an entrapment defense.  Cf. id. ("At one extreme [of the spectrum of disclosure cases] are the cases where the informant is a mere tipster, and disclosure is not required. . . .  Where the value of the informer's testimony remains speculative at best, we cannot say that the district court erred by denying disclosure of the informer's identity.")  Accordingly, we affirm the district court's denial of Sours' motion to disclose the identity of the

informant.

Third, Sours claims that the district court erred in adding two points to Sours' criminal history level pursuant to U.S.S.G. § 4A1.1(d) for Sours' status as an escapee during the commission of the robbery.[3]  Sours argues that the two-point adjustment, "quite simply, is double counting," because the district court sentenced Sours to a consecutive sentence for the robbery pursuant to U.S.S.G. § 5G1.3(a), which requires that a sentence for an offense committed by an escapee run consecutively to the undischarged term of imprisonment.  Because Sours did not object below to the PSR's recommendation of the two-point adjustment or the district court's assignment of the two points at sentencing, we review only for plain error.  See United States v. Yarnell, 129 F.3d 1127 (10th Cir. 1997).[4]  After reviewing the record, we find no plain error in the district court's two-point adjustment pursuant to § 4A1.1(d).  Cf. United States v. Santana-Castellano, 74 F.3d 593, 599 (5th Cir. 1996) (affirming "the U.S.S.G. § 4A1.1(d) enhancement as well as the consecutive sentence pursuant to § 5G1.3(a)").

---

[3]U.S.S.G. § 4A1.1(d) provides for a two point increase in criminal history if inter alia "the defendant committed the instant offense while under any criminal justice sentence, including . . . escape status."

[4]We are not persuaded by Sours' contention that he raised the objection at the sentencing hearing in his mere request that the district court "have his time [for the instant offense]  run concurrently with the other things going on right now."

Fourth, Sours argues that the district court erred in adding two points to Sours' base offense level pursuant to U.S.S.G. § 2B3.1(b)(4)(B) for Sours' physical restraint of the two pharmacy employees during the robbery by pointing his BB gun and ordering the two victims to lie on the floor.[5] Sours argues that the adjustment resulted in double-counting because "it is impossible to commit the offense of conviction, [robbery of controlled substances involving assault by use of a dangerous weapon], without restraining the victim."[6] As did the district court, we reject Sours' claim under United States v. Fisher, 132 F.3d 1327 (10th Cir. 1997). We do not believe that the physical restraint adjustment under § 2B3.1(b)(4)(B) would result in double-counting because "physical restraint is not an element of the offense of robbery." Id. at 1329. Moreover, we find no force to Sours' argument that an assault with a dangerous weapon under 18 U.S.C. § 2118(c) must involve restraint, as we can imagine situations where a defendant in the course of a robbery assaults a victim with a dangerous weapon without specifically attempting to hinder the victim's movement. An example would arise if Sours had pointed his BB gun at the employees and ordered them to turn over their narcotics, but had not ordered them to lie still on the floor

---

[5]U.S.S.G. § 2B3.1(b)(4)(B) provides for an increase of two points to the base offense level if inter alia "any person was physically restrained to facilitate commission of the offense."

[6]Sours does not contend that he did not physically restrain the two pharmacy employees.

- 7 -

afterwards.  See id. at 1330 ("physical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime" (emphasis added)).  Accordingly, we reject Sours' contention that the district court's two-point adjustment under § 2B3.1(b)(4)(B) for physical restraint resulted in double-counting.

Finally, Sours argues that 18 U.S.C. § 2118 exceeds Congress' legislative power under the Commerce Clause.  He states that criminalizing the "robbing [of] a drugstore with a BB gun . . . quite simply, is unconstitutional because the Constitution makes no grant of power to Congress to outlaw such conduct."  We reject this argument as meritless.  Among other things, § 2118(a) criminalizes robbery of controlled substances from persons registered with the DEA if "the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt."[7]  In this case, Sours traveled interstate to rob

_____

[7]Specifically, § 2118(a) criminalizes robbery of a controlled substance from a person registered with the DEA

> if (1) the replacement cost of the material or compound to the registrant was not less than $500, (2) the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt, or (3) another person was killed or suffered significant bodily injury as a result of such taking or attempt.

(continued...)

the pharmacy, and transported the stolen narcotics interstate. Consequently, Sours' conduct fell within the jurisdictional element of § 2118(a) assuring that his particular conduct affected interstate commerce. Cf. United States v. Lopez, 514 U.S. 549, 561 (1995) (invalidating 18 U.S.C. § 922(q), the Gun-Free School Zones Act, in part because it "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm in question affects interstate commerce"). Thus, we find § 2118(a), as applied to Sours, to be within Congress' legislative power under the Commerce Clause. Cf. United States v. Wilson, 159 F.3d 280,286 (7th Cir. 1998) (upholding 18 U.S.C. § 922(g)(8) because it "contains a jurisdictional element that brings it within Congress' power under the Commerce Clause).[8] We likewise find § 2118(c) constitutional in this case, as it requires the commission of "any offense under subsection [2118(a)]," and thereby incorporates the jurisdictional element of the § 2118(a) applicable to Sours' conduct. As a result, we reject Sours' Commerce Clause challenge.

The district court's denial of Sours' motion to withdraw his guilty plea, its

---

[7](...continued)
18 U.S.C. § 2118(a).

[8]We recognize that Sours' conduct also satisfies the monetary element of § 2118(a) criminalizing robbery of a controlled substance from a person registered with the DEA if the amount robbed "was not less than $500" in value. Since we find § 2118(a) within Congress' commerce power as applied to Sours because his conduct fell within the jurisdictional element of the statute, we need not address whether the Commerce Clause permits Congress to criminalize robbery of a controlled substance when only the monetary element is satisfied.

denial of his request for disclosure of the informant's identity, and its sentence are all AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge