**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JEFFREY DAN WILLIAMS,

    Defendant-Appellant.

No. 98-5263

(D.C. No. 97-CR-171-C)
(N.D. Okla)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **McKAY**, and **BRORBY**, Circuit Judges.

On April 29, 1998, the Government charged Defendant Jeffrey Dan Williams with eleven drug-related counts. On May 21, 1998, pursuant to a plea agreement, Defendant pled guilty to Counts I through IV of the indictment: (1) conspiracy to possess with intent to distribute methamphetamine, conspiracy to manufacture methamphetamine, and conspiracy to maintain various locations for the purpose of manufacturing methamphetamine; (2) possession with intent to distribute methamphetamine; (3) possession with intent to distribute methamphetamine; and (4) knowingly carrying a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

firearm during and in relation to a drug trafficking crime. Defendant filed a motion to withdraw his guilty plea and nullify his plea agreement on August 31, 1998. The district court denied Defendant's motion. On November 19, 1998, the district court sentenced Defendant to 360 months imprisonment on Counts I, II, and III to run concurrently, and five years imprisonment on Count IV to run consecutively. Defendant appeals the district court's denial of his motion to withdraw his guilty plea. Defendant further challenges Count IV of the indictment, alleging that it did not charge an offense with enough specificity. Finally, Defendant claims the district court misapplied the Sentencing Guidelines with respect to the quantity and identity of methamphetamine. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), and affirm.

I.

Defendant claims the district court improperly denied his motion to withdraw his guilty plea and nullify his plea agreement because at the time he entered his plea, his attorney's motion to withdraw as counsel was pending. We review the district court's denial of Defendant's motion to withdraw his guilty plea for abuse of discretion and will not reverse absent a showing that the court acted "unjustly or unfairly." See United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997).

On May 14, 1998, Defendant's attorney filed a "Motion to Withdraw as Attorney of Record," stating,

> Defendant, Jeffrey Williams, is alleged to have engaged in conduct which has resulted in additional charges being filed against him by way of a superseding

2

indictment. That circumstances have arisen and exist which make it impossible for the undersigned to represent the accused and to render him effective assistance of counsel.

The certificate of service does not show service to Defendant. Defendant claims he did not know of the pending motion when he entered his guilty plea on May 21, 1998. The attorney represented Defendant at the change of plea hearing. The district court never ruled on the motion. On July 24, 1998, Defendant's attorney filed a second motion to withdraw as counsel, which indicated service to Defendant. The district court granted the motion on August 12, 1998.

A district court may allow a defendant to withdraw his or her guilty plea before sentencing "upon a showing . . . of any fair and just reason." Fed. R. Crim. P. 32(d).

> The burden of demonstrating a fair and just reason rests with the defendant, based on the following considerations: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources.

Graves, 106 F.3d at 343.

Here, Defendant relies solely on his claim of ineffective assistance of counsel and does not mention the remaining six factors. The remaining six factors, however, weigh against Defendant's motion to withdraw his guilty plea. He does not assert his innocence or challenge his knowledge and voluntariness of his plea. More than three months passed before Defendant filed his motion to withdraw his plea. Further, the Government would be prejudiced and the court inconvenienced by allowing Defendant to withdraw his guilty

3

plea without some indicia of Defendant's innocence.

At the time Defendant entered his guilty plea, the district court conducted a Rule 11 hearing. The district court informed Defendant of his right to a jury trial, and Defendant indicated that he understood that right. The district court also read each count of the indictment to Defendant and stated the maximum penalty for each count. Defendant indicated he understood the charges against him as well as the possible penalties. The district court specifically questioned Defendant concerning the voluntariness of his plea and his knowledge concerning the allegations of the indictment. Defendant further stated he had read and understood the plea agreement. Upon inquiry, Defendant stated he was satisfied with his attorney and had had an adequate opportunity to consult with him. Defendant now claims he did not know that his attorney believed he could not possibly render effective assistance of counsel.

Defendant's motion to withdraw his guilty plea was based on United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), vacated, 144 F.3d 1361, on rehearing, 165 F.3d 1297(10th Cir. 1999) (en banc), cert. denied, 119 S. Ct. 2371 (1999). Our subsequent en banc decision in Singleton rendered Defendant's argument moot. See Singleton, 165 F.3d at 1297. In his motion to withdraw his guilty plea, Defendant raised the issue of ineffective assistance of counsel, but did not argue the issue. The district court did not address the ineffective assistance of counsel issue and denied the motion. An ineffective assistance of counsel claim is best brought pursuant to 28 U.S.C. § 2255,

especially where, as here, the record is not sufficiently developed at the district court level.  See United States v. Galloway, 56 F.3d 1239, 1240 (1995).  Defendant is not barred from bringing an ineffective assistance of counsel in a collateral action.  Based upon the record before the district court at the time of the hearing, the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea.

II.

Defendant next challenges the sufficiency of the indictment.  Specifically, Defendant argues that Count IV of the indictment does not state an offense because it refers to "section 924(c)" rather than section 924(c)(1)(A).  We review the sufficiency of a charge in the indictment de novo.  United States v. Wood, 958 F.2d 963, 974 (10th Cir. 1992).

Fed. R. Crim. P. 7(c)(1) provides that an indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated."

Count IV of the indictment provides:

On or about 22nd day of July, 1997, in the Northern District of Oklahoma, JEFFREY WILLIAMS aka Jeff Rounds, defendant herein, knowingly carried a firearm, to wit: a Glock, .9 mm semi-automatic pistol, model 19 serial number BCN962US, during and in relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit:  Possession with intent to distribute a quantity of methamphetamine, in violation of Title 18, United States

5

Code, Section 924(c).

18 U.S.C. § 924(c)(1)(A) sets forth penalties for the possession of a firearm "during and in relation to any . . . drug trafficking crime." Because Count IV contains specific facts as well as a citation to the statute, Count IV constitutes a plain, concise, and definite statement of the essential facts constituting the offense charged.

In addition, Fed. R. Crim. P. 7(c)(3) provides that an error in the citation is not grounds for reversal of a conviction if the error did not mislead the defendant. At the time Defendant entered his guilty plea, the district court read Count IV to Defendant and Defendant indicated he understood the charges contained therein. Defendant cannot now claim he was mislead by any alleged error in citation. Accordingly, Count IV of the indictment properly stated an offense under Rule 7(c)(1).

## III.

Defendant finally contends the district court misapplied the Sentencing Guidelines with respect to the quantity and quality of methamphetamine. We review the district court's "'legal interpretation of the guidelines de novo, and review its findings of fact for clear error, giving due deference to the district court's application of the guidelines to the facts.'" United States v. Burridge, 191 F.3d 1297, 1301 (10th Cir. 1999) (quoting United States v. Ensminger, 174 F.3d 1143, 1145 (10th Cir. 1999)).

The district court found that Defendant had manufactured and distributed in excess of 15 kilograms of methamphetamine. Defendant, however, argues two lab reports which

6

identified 36.41 grams of methamphetamine provided the only reliable evidence as to the identity and quantity of methamphetamine. The Sentencing Guidelines provide that courts "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a) (1998); see United States v. Vaziri, 164 F.3d 556, 567 (10th Cir. 1999).

The record establishes both the identity and the quantity of methamphetamine. Special Agent Leon Francis of the Drug Enforcement Administration testified at the sentencing hearing that he used information provided by two co-defendants and four informants to arrive at the drug quantity calculation. In addition, the district court noted that fifteen co-defendants had pled guilty and verified the methamphetamine conspiracy. Furthermore, because Defendant pled guilty to four methamphetamine charges, he has admitted the identity of the drug. Based on a review of the record, ample evidence supports the district court's finding that Defendant manufactured and distributed in excess of 15 kilograms of methamphetamine.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge