**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

PEDRO R. CAZARES,

       Defendant - Appellant.

No. 01-2180
(D.C. No. CR-00-736-JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this court determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on January 10, 2003, this court ordered the case submitted without oral argument.

Defendant Pedro R. Cazares ("Cazares") appeals from the denial of his motion to withdraw his guilty plea. This court exercises jurisdiction under 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1291, and **affirms** the district court.

## I.    BACKGROUND

Cazares is a citizen of Mexico who has resided in the United States for over twenty years. He became a permanent resident alien in 1987. On May 5, 2000, Cazares was arrested for selling cocaine to undercover police officers and federal agents from his place of business. He was released on May 8, 2000 to a third-party custodian after posting bond. At the time of his arrest, Cazares' net worth was over $500,000.

On May 26, 2000, a federal grand jury returned an indictment charging Cazares with one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and 18 U.S.C. § 2; and six counts of distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On September 6, 2000, Cazares entered into a plea agreement with the United States and pleaded guilty to one count of distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. The plea agreement contained the following waiver provision:

> [T]he defendant knowingly waives the right to appeal any sentence within the guideline range applicable to the statute of conviction as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the

right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range.

On May 4, 2001, Cazares filed a motion to withdraw his guilty plea. Cazares argued that he entered the plea agreement without being informed of his right to seek assistance from the Mexican consulate as provided by the Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77-78, 101, 596 U.N.T.S. 261 ("Vienna Convention"). The district court denied Cazares' motion on May 30, 2001 and sentenced him to thirty-seven months of imprisonment. Cazares now appeals the denial of his motion to withdraw his guilty plea.

## II. DISCUSSION

### A. Jurisdiction

The United States argues that this court lacks jurisdiction over Cazares' appeal from the denial of his motion to withdraw his guilty plea because Cazares waived his right to appeal in the plea agreement. *See United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000) (holding that this court lacks jurisdiction over an appeal brought by a defendant who has effectively waived his right to appeal in a plea agreement). Specifically, the United States argues that the holding in *United*

*States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001) is controlling and mandates the dismissal of Cazares' appeal. In *Elliott*, this court held that the defendant waived his right to appeal the denial of his motion to withdraw his guilty plea because he had explicitly waived his "right to contest his conviction and sentence . . . in any direct or collateral appeal." 264 F.3d at 1172-74. The court reasoned that because the "denial of a motion to withdraw a guilty plea is an attempt to 'contest a conviction on appeal,'" the defendant's appeal fell "within the plain language of the waiver provision" in his guilty plea. *Id.* at 1174.

The plea agreement in this case is clearly distinguishable from the plea agreement in *Elliott*. Under the plain language of the plea agreement, Cazares explicitly waived his "right to appeal any sentence." There is no language in the plea agreement, however, that could be interpreted as a waiver of Cazares' right to appeal his *conviction*. Accordingly, because Cazares retained his right to appeal his conviction under the plain language of the plea agreement, this court has jurisdiction to consider his appeal.

**B. Motion to Withdraw Guilty Plea**

This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion and "will not reverse absent a showing that the court acted unjustly or unfairly." *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997) (quotation omitted). The district court's finding of a factual

basis for the guilty plea is reviewed for clear error. *Id.*

Cazares argues that he was entitled to withdraw his guilty plea because his rights under the Vienna Convention were violated when he was not informed of his right to seek assistance from the Mexican consulate prior to the entry of his plea. The law is unsettled as to whether the Vienna Convention gives rise to any individually enforceable rights. *See United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001); *United States v. Chanthadara*, 230 F.3d 1237, 1255 (10th Cir. 2000). Nevertheless, we need not resolve this issue in this case. Even assuming that the Vienna Convention creates individually enforceable rights, and that the withdrawal of a guilty plea is an available remedy for a violation of the Vienna Convention, Cazares has failed to demonstrate that he was prejudiced by the denial of such rights. *Cf. Minjares-Alvarez*, 264 F.3d at 986-87 (holding that even if the defendant's rights under the Vienna Convention were violated when he was not informed of his right to access and consult his national consulate, he failed to show that the violation caused him prejudice). While Cazares alleges that he was unfamiliar with the criminal justice system in the United States, Cazares had resided in the United States for over twenty years and had prior criminal cases brought against him. Moreover, Cazares does not assert on appeal that he was innocent of the crime to which he pleaded guilty nor did he object to the factual assertions of the underlying offense contained in the presentence

report.  Finally, while Cazares was released on bond he did not attempt to contact the Mexican consulate.  Accordingly, Cazares has failed to show he was prejudiced by the government's failure to inform him of his right to seek assistance from the Mexican consulate.  Cazares, therefore, is not entitled to any relief as a result of a Vienna Convention violation.

Alternatively, Cazares argues that the failure to inform him of his right to seek assistance from the Mexican consulate as provided under the Vienna Convention constitutes a fair and just reason for permitting the withdrawal of his guilty plea.  *See Graves*, 106 F.3d at 343 (discussing the factors the court considers in deciding whether the defendant has shown a "fair and just reason" for the withdrawal of his guilty plea).  Pursuant to Rule 32(e)[1] of the Federal Rules of Criminal Procedure, a district court may permit a defendant to withdraw his guilty plea prior to sentencing "if the defendant shows any fair and just reason" for such action.  Fed. R. Crim. P. 32(e); *see also Graves*, 106 F.3d at 343.

---

[1] Effective December 1, 2002, Rule 32(e) was amended and incorporated into Rule 11(d) of the Federal Rules of Criminal Procedure.  Rule 11(d) reads as follows:
> A defendant may withdraw a plea of guilty or nolo contendere:
> > (1) before the court accepts the plea, for any reason or no reason; or
> > (2) after the court accepts the plea, but before it imposes sentence if:
> > > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

This court considers the following when determining whether the defendant has demonstrated a fair and just reason: "(1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources." *Graves*, 106 F.3d at 343. Cazares does not maintain his innocence on appeal. Moreover, allowing Cazares to withdraw his guilty plea after he delayed for eight months prior to moving for its withdrawal, would prejudice the government by the delayed re-institution of its burden to locate and subpoena trial witnesses. Further, Cazares was represented by counsel and has not alleged that this representation was inadequate or ineffective.

While Cazares does not explicitly address the *Graves* factors on appeal, he argues that because he is a foreign national, he lacks an understanding of the criminal justice system in the United States. Cazares furthers argues that his lack of understanding would be remedied by the assistance of the Mexican consulate. This court, therefore, will construe Cazares' arguments as a challenge to the plea on the grounds it was not knowingly and voluntarily entered. Although Cazares alleges a lack of understanding of the criminal justice system in the United States, Cazares fails to allege the particular aspects of his plea that were entered into unknowingly. After reviewing the record, this court concludes that there is

nothing in the record indicating Cazares' plea was not knowing and voluntary. Finally, because Cazares does not assert his innocence, permitting him to withdraw his guilty plea would waste judicial resources. Accordingly, the district court did not abuse its discretion when it concluded that Cazares failed to demonstrate a fair and just reason to permit him to withdraw his guilty plea.

## III. CONCLUSION

For the reasons stated above, this court **affirms** the district court's denial of Cazares' motion to withdraw his guilty plea.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge