**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSE AVILA-SANDOVAL,

        Defendant - Appellant.

No. 01-1448
(D.Ct. No. 00-CR-436-N)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jose Avila-Sandoval appeals the district court's denial of his motion to withdraw his guilty plea. We exercise jurisdiction under 28 U.S.C. §

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1291, and affirm.

On November 30, 2000, Mr. Avila-Sandoval pled guilty to one count of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). In exchange, the government dismissed four counts against Mr. Avila-Sandoval alleging Possession with Intent to Distribute Methamphetamine. The plea agreement provided that the statutory mandatory minimum sentence for the offense was 120 months, and predicted a guideline range of 108-135 months. Mr. Avila-Sandoval was later sentenced to 121 months imprisonment and five years supervised release.

On June 27, 2001, Mr. Avila-Sandoval, acting pro se, moved to withdraw his guilty plea, claiming it was not knowingly and voluntarily entered because counsel performed inadequately in apprising him of the propriety of pleading guilty.[1] On August 8, 2001, Mr. Avila-Sandoval, through his counsel, Mr. Boston

---

[1]In early November 2000, Mr. Avila-Sandoval filed a motion for change of counsel, alleging various grievances against his trial counsel; he reiterated his concerns at the November 16, 2000 status conference. During the status conference, the district court fully addressed the issue and denied his motion. However, the district court did appoint advisory counsel, Mr. Boston Stanton, for the purpose of giving Mr. Avila-Sandoval a second opinion. Mr. Avila-Sandoval's discontent with trial counsel was alleviated by the time of his November 30, 2000 guilty plea. At the change-of-plea hearing, the district court repeatedly questioned Mr. Avila-Sandoval as to whether he was satisfied with both his trial counsel and advisory counsel. Mr. Avila-Sandoval clearly responded that he was satisfied with both. On April 5, 2001, the district court granted trial counsel's motion to withdraw as counsel, and appointed Mr. Boston Stanton. On August 24, 2001, the district court granted Mr. Avila-Sandoval's

Stanton, filed a motion to withdraw his guilty plea pursuant to Fed. R. Crim. P. 32(e), claiming he entered his plea under a mistaken belief he would receive a prison term of only forty-eight months. On September 4, 2001, through his counsel, Mr. John Sullivan III, Mr. Avila-Sandoval filed an addendum to his motion to withdraw his guilty plea, reiterating he entered the plea unknowingly and involuntarily based on the advice of counsel that he would receive only forty-eight months imprisonment. On September 5, 2001, the district court denied all motions to withdraw the plea and sentenced Mr. Avila-Sandoval to 121 months imprisonment.

A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (citing *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990), *cert. denied,* 498 U.S. 1122 (1991)). "If a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e) (2002). The defendant bears the burden of demonstrating a "fair and just reason" for the withdrawal of the plea. *Siedlik*, 231 F.3d at 748 (quotation marks and citations omitted). "We review the district court's denial of the motion to withdraw the guilty plea for an abuse of

---

motion to substitute counsel, and substituted Mr. John Sullivan III as counsel. Mr. Sullivan is Mr. Avila-Sandoval's appellate counsel.

discretion." *Id.* We will not reverse absent a showing the district court acted unjustly or unfairly. *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997).

Mr. Avila-Sandoval maintains he did not knowingly and voluntarily plead guilty because he was not adequately informed by counsel as to the possible sentence, and he did not understand the process. The record rebukes these arguments.

First, there is absolutely no reason to believe Mr. Avila-Sandoval was misinformed by counsel as to the potential sentence he would receive. At the change-of-plea hearing, Mr. Avila-Sandoval indicated he had read, understood, and had no questions regarding the terms of the plea agreement, which specifically provided for a mandatory minimum sentence of 120 months. Additionally, the court took care to inform Mr. Avila-Sandoval, and he affirmatively recognized, that unless the government filed a motion for downward departure, the mandatory minimum sentence for the offense was ten years (120 months), and if certain aggravating factors existed, the court could impose a life sentence. Mr. Avila-Sandoval indicated he understood that if the court did not accept the government's recommended sentence, or if he was otherwise dissatisfied with his sentence, he would have no right to withdraw his plea of guilty. When given the chance to withdraw his plea at the November 30, 2000 change-of-plea hearing, Mr. Avila-Sandoval elected not to do so. Finally, Mr.

Avila-Sandoval's argument concerning his expectation of a forty-eight-month sentence appears wholly disingenuous in light of the fact that both he and his advisory counsel, Mr. Boston Stanton, admitted that Mr. Avila-Sandoval's trial counsel had explicitly explained to him prior to entry of the plea that the original plea agreement for "a term of approximately forty-three months" was no longer available, and the only plea agreement left was for a minimum of 120 months. ROA, Vol. 3 at 26-27.[2]

Mr. Avila-Sandoval's second assertion, that his guilty plea was unknowing and involuntary because he "was extremely confused as to the entire process," is also without merit. His unsupported, self-serving, generalized claim of confusion is insufficient to overcome his apparent comprehension of the process, effortlessly demonstrated throughout the change-of-plea hearing. To the extent Mr. Avila-Sandoval claims confusion based on his ability to speak only Spanish, we find such an argument wanting. The record clearly indicates Mr. Avila-Sandoval was provided with an interpreter throughout the process, the plea agreement was translated into Spanish, and his trial counsel at the change-of-plea hearing spoke Spanish.

_____

[2]The terms of the original plea agreement are not in the record. Nonetheless, at his change-of-plea hearing, Mr. Avila-Sandoval agreed his trial counsel had informed him that the terms of the original plea agreement were no longer available and the only plea agreement left was for 120 months.

In addition to the above considerations, we look to the following seven factors in determining whether Mr. Avila-Sandoval satisfied his burden of showing the district court acted unjustly or unfairly in denying his motion to withdraw his plea: "(1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources." *Graves*, 106 F.3d at 343 (citing *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993), *cert. denied,* 510 U.S. 1184 (1994)). Upon our thorough review of the record and the parties' briefs, it is apparent each one of these elements weighs in unfavorably for Mr. Avila-Sandoval. In his brief, Mr. Avila-Sandoval indicates that if the district court had granted his motion to withdraw, he and his new counsel could have tried to negotiate a better plea. Mr. Avila-Sandoval has failed to indicate how a renegotiated plea agreement would be more favorable to him, or even why the government would be inclined to consider renegotiating his plea. For the district court to grant a motion to withdraw a plea merely in order to satisfy a defendant's hopes of negotiating a more favorable plea agreement would be an impermissible waste of judicial resources. We note Mr. Avila-Sandoval has made no assertion of innocence; nor is such a claim supported by the record.

We conclude the district court did not act unjustly or unfairly, and therefore

did not abuse its discretion in denying Mr. Avila-Sandoval's motion to withdraw his plea of guilty.  Accordingly, we **AFFIRM**.


**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge