**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE A. TRETO,

    Defendant-Appellant.

No. 03-3093
(District of Kansas)
(D.C. No. 02-CR-10110-WEB)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

**I.    Factual Background**

On November 4, 2002, appellant Jose A. Treto pleaded guilty to one count of attempting to distribute methamphetamine, in violation of 21 U.S.C. § 841. Pursuant to the terms of the plea agreement, Treto acknowledged that he had not yet provided substantial assistance to the government. The agreement further provided, however, that the government would file a motion pursuant to U.S.S.G.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 5K1.1 if it determined before sentencing that Treto did provide substantial assistance.

Treto also signed a Petition to Enter Plea of Guilty which contained the following statement,

> My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than 10 years imprisonment (if applicable) and to a maximum punishment which, as provided by law, is life to be followed by a term of supervised release of at least 5 years (Title 21 Drug Offense) and not to exceed 5 years . . . .

At the change of plea hearing, the district court reviewed this provision with Treto stating, "Your lawyer has informed you that a plea of guilty to Count 1 of the superseding indictment could subject you to a mandatory minimum punishment of ten years imprisonment and maximum possible punishment of life imprisonment . . . . Do you understand that?" Treto responded, "Yes." After the government summarized the terms of the plea agreement, the court then addressed Treto as follows,

> This agreement says you understand that the maximum sentence that may be imposed as to Count 1 of the indictment is no more than life imprisonment. Counsel announced that there's a mandatory minimum of ten years in this case, didn't he? You understand that?

Treto responded, "Yes, Your Honor." Treto also stated under oath that he had delivered a package containing more than fifty grams of methamphetamine to an individual named Ronald Howe. After questioning Treto further about the

-2-

voluntariness of his guilty plea, the district court found that the plea was made freely and voluntarily and accepted it.

A sentencing hearing was set for January 13, 2003. On that date, however, Treto appeared before the district court and requested a continuance to give him more time to assist the government. The court granted both that continuance and another requested by Treto on January 22, 2003. One week later, Treto's attorney filed a motion to withdraw from the case. The motion was granted on February 3, 2003 and new counsel was appointed. One month later, Treto filed a motion to withdraw his guilty plea. The district court denied the motion and sentenced Treto to 120 months' imprisonment. Treto filed a timely notice of appeal from the denial of his motion to withdraw his plea.[1]

## II.    Discussion

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997). However, we review *de novo* the question of whether the plea was knowing and voluntary. *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). Pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant who has not yet been sentenced may be permitted to withdraw his guilty plea if he

---

[1]We admonish defense counsel for failure to adhere to 10th Cir. R. 28.2(A)(1) which requires that he attach to appellant's brief a copy of the district court's written order denying appellant's motion to withdraw his guilty plea.

"can show a fair and just reason." We have held that the district court should consider the following factors when determining whether a defendant has demonstrated a fair and just reason: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).

After Treto filed the motion to withdraw his guilty plea, the district court held an evidentiary hearing. Testimony was given by Treto, Wichita police detective Bryan Martin, and attorney Mark Schoenhofer. Schoenhofer represented Treto at the change of plea hearing. Treto testified that Schoenhofer told him he would receive probation if he entered a guilty plea and did not discuss the statutory minimum mandatory sentence with him. He also stated that he reviewed the plea agreement with Schoenhofer for "less than one minute" and did not understand when he signed it that the government was not obligated to file a § 5K1.1 motion on his behalf. Treto further testified that he signed the plea agreement and testified falsely at the change of plea hearing because he was directed to do so by Schoenhofer and because he did not understand the questions posed by the court. On cross-examination, Treto admitted that he received a letter from Schoenhofer three days before the change of plea hearing which stated,

"This is a case where the mandatory minimum is ten years. . . . That means that ten years is the minimum that you will receive." The letter further stated, "There is no guarantee what your sentence will be if you enter a plea agreement with the government, and there will be no guarantees if you will receive a reduction of your sentence at all."

Schoenhofer then took the stand and testified that he did not tell Treto that his guilty plea would guarantee a sentence of probation. Schoenhofer testified that he told Treto he was facing a mandatory minimum of ten years and that there was no guarantee the government would file a § 5K1.1 motion if he pleaded guilty. He further testified that he reviewed the written plea agreement with Treto line by line before the change of plea hearing.

The district court denied Treto's motion. The court made factual findings and discussed each of the seven factors set forth in *Gordon*. Specifically, the court found that Treto was truthful when he told the court at the change of plea hearing that he was guilty. The court then found that allowing Treto to withdraw his plea would prejudice the government and would inconvenience the court. It further found that Treto had the benefit of counsel and concluded that Schoenhofer did not render ineffective assistance to Treto. Thus, Treto's plea was knowing and voluntary. Finally, the court found that Treto delayed filing the

motion to withdraw his plea until he learned that the government did not intend to file a § 5K1.1 motion.

In this appeal, Treto argues that consideration of the seven factors leads to the conclusion that he demonstrated a fair and just reason for the withdrawal of his plea agreement. We disagree. The district court properly applied the *Gordon* factors and correctly concluded that Schoenhofer did not render ineffective assistance to Treto. Accordingly, we conclude that the district court did not abuse its discretion when it denied Treto's motion to withdraw his guilty plea.

## III. Conclusion

Upon review of the district court's order, the parties' briefs, and the entire appellate record, this court **affirms** the denial of Treto's motion to withdraw his guilty plea for substantially those reasons set out in the district court's order dated March 18, 2003.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge