**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 7, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STANLEY DANYE
SCARBOROUGH,

      Defendant-Appellant.

No. 04-7068
(D.C. No. CR-03-118-1-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Stanley Danye Scarborough ("Defendant") pled guilty to three counts of

drug possession with intent to distribute. Prior to sentencing, he filed a pro se

motion to withdraw his plea, which the district court denied. Defendant now

appeals his conviction as well as the court's decision to sentence him to 151

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months' imprisonment.  Taking jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **AFFIRM**.

## BACKGROUND

On November 14, 2003, the federal grand jury for the Eastern District of Oklahoma issued a three-count indictment against Defendant.  **(Aplt. App. at 15-16.)**  Count I charged Defendant with knowingly and intentionally possessing in excess of 50 grams of crack cocaine with intent to distribute.  (**Id. at 15.**)  Count II charged Defendant with knowingly and intentionally possessing a detectable amount of methamphetamine with intent to distribute.  (**Id. at 16.**)  Finally, Count III charged Defendant with knowingly and intentionally possessing a detectible amount of cocaine with intent to distribute.  (**Id.**)

After being appointed counsel, Defendant pled not guilty to all charges.  A jury trial was initially scheduled for January 2, 2004, but was later postponed to February 2, 2004.  (**Id. at 3.**)  Jury selection commenced on February 2, 2004 and trial was set for February 17, 2004.  (**Id. at 8.**)   On February 13, Defendant changed his plea to guilty on all counts before a magistrate judge[1] and waived his right to a jury trial.  (**Id. at 18-19.**)  At the plea hearing, Defendant admitted to

_____

[1]Defendant consented to proceed before the magistrate judge for the purposes of changing his plea, thus the magistrate judge's acceptance of the plea was never formally adopted by the district court.  **(Aplt. App. at 18.)**

possessing with an intent to distribute approximately 75 grams of crack cocaine, "a small amount" of methamphetamine, and an unspecified amount of cocaine. **(Id. at 37.)** The magistrate accepted Defendant's guilty plea and referred the matter to the probation department for preparation of a sentencing report. **(Id. at 38-39.)**

One week later, Defendant filed a pro se motion with the district court to withdraw his guilty plea, stating that he "[did] not agree with the plea because of certain civil liberties that have been violated under prejudicial/judicial error." **(Id. at 41.)** At a hearing on the motion, Defendant, represented again by his appointed lawyer, alleged that his prosecution was racially motivated and that he did not actually possess the amounts of drugs he had previously admitted to possessing. **(Id. at 47, 51.)** The district court denied the motion, holding that Defendant "[had] not met his burden of establishing a 'fair and just' reason to allow withdrawal of his pleas of guilty." **(Id. at 78.)**

The probation department issued a pre-sentence report ("PSR") on March 24, 2004, and the district court set sentencing for June 18, 2004. **(Id. at 10, 92.)** According to the PSR, Defendant's base offense level (32) and criminal history category (I) specified a guideline range of 121-151 months. **(Id. at 97, 104.)** The probation officer recommended a two-point offense level enhancement based upon evidence that two firearms were found in Defendant's bedroom. **(Id. at 97)**;

see U.S.S.G. § 2D1.1(b)(1). With an adjusted offense level of thirty-four, the new guideline range was 151-188 months. **(Id. at 92.)** However, the probation officer also recommended a two-level reduction for acceptance of responsibility, bringing the range back down to 121-151 months.

Defendant, now represented by a different attorney, filed objections to the PSR and a motion to reconsider the withdrawal of the guilty plea. **(Id. at 79.)** The district court denied the motion to reconsider in a minute order, stating that the motion "contains no new evidence which establishes that the defendant is innocent or that the defendant's plea of guilty was not knowingly and voluntarily entered." **(Id. at 11.)**

At sentencing, the district court overruled Defendant's objections to the PSR. **(Id. at 12.)** The Government also filed an objection to the downward adjustment for acceptance of responsibility, which the district court granted. The court then sentenced Defendant to 151 months' imprisonment (the bottom of the calculated range) on each of the three counts, terms to run concurrently, followed by a term of 60 months' supervised release. **(Id. at 12-13.)** In addition, the court imposed a $300 special assessment. **(Id. at 13.)** Defendant timely filed a notice of appeal. **(Id. at 14)**; see Fed. R. App. P. (4)(b)(1)(A)(i).

**DISCUSSION**

On appeal, Defendant presents three issues for review: (1) whether the district court abused its discretion by failing to grant Defendant's motion to withdraw his guilty plea; (2) whether the district court's refusal to permit a two-level downward adjustment for acceptance of responsibility was clearly erroneous; and (3) whether the district court erred in applying a two-level upward adjustment for the presence of firearms when that issue was neither pled nor proved.

## I.     Withdrawal of Defendant's guilty plea

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion and will not reverse absent a showing that the court acted "unjustly or unfairly." United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997).

A district court may allow a defendant to withdraw his guilty plea before sentencing "upon a showing . . . of any fair and just reason." Fed. R. Crim. P. 32(d). The burden of demonstrating a fair and just reason rests with the defendant, based on the following considerations: (1) Defendant's assertion of innocence; (2) resulting prejudice to the government; (3) Defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) Defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. Graves, 106 F.3d at 343.

Here, we cannot conclude that the district court abused its discretion in refusing to allow Defendant to withdraw his guilty plea. Significantly, at the hearing on his motion to withdraw, Defendant admitted that he had no evidence to support his assertions that (1) his prosecution was racially motivated; or (2) he actually possessed a lesser quantity of drugs than the amount to which he admitted in his plea colloquy. **(Aplt. App. at 47-52.)** Thus, nothing in the motion calls into question Defendant's guilt or the voluntariness of the plea. In addition, the District Court correctly noted that by changing his plea just days before trial (and after a jury had been empaneled), allowing him to withdraw that plea and demand a new jury would place significant hardship on the government and waste judicial resources. **(<u>Id.</u> at 6-7.)**

Defendant's motion for reconsideration does raise some issues with the quality of Defendant's legal representation at the plea colloquy. In an affidavit attached to the motion to reconsider, Defendant contends that his attorney told him that if Defendant did not falsely admit to having seventy-six grams of crack, his sentence would be doubled. **(<u>See</u> Aplt. App. at 87-88.)** This allegation, if true, would be quite troubling. But the fact of the matter is that it is supported only by Defendant's self-serving affidavit which was written with the benefit of hindsight. Given the fact that Defendant admitted at the plea hearing that he was satisfied with his legal representation, we are not left with a "definite and firm

conviction that the lower court made a clear error of judgment" by refusing to countenance Defendant's revised version of events. **(Id. at 35)**; Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994). Accordingly, we hold that the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea. Defendant's conviction is therefore affirmed.

## II. Acceptance of responsibility

Defendant claims that the district court, in calculating his sentence, erred by refusing to grant a downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1(a).[2] In the PSR, the probation officer recommended that the court decrease Defendant's offense level by two points based on Defendant's decision to plead guilty and admit his guilt at the plea colloquy. **(Aplt. App. at 96.)** At the sentencing hearing, the Government objected to this downward adjustment, and the court sustained the objection. **(Id. at 12.)**

Whether a defendant has accepted responsibility for purposes of U.S.S.G. § 3E1.1 is a factual question that we review under a clearly erroneous standard. United States v. Dazey, 403 F.3d 1147, 1172 (10th Cir. 2005). We recognize that "[t]he sentencing judge is in a unique position to evaluate a defendant's

---

[2]U.S.S.G. § 3E1.1(a) provides, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels."

acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5.

Appellant's failure to designate the transcript of the sentencing hearing as part of the record on appeal has hampered our efforts at reviewing whether the district court's factual finding was clearly erroneous. While we do know that the Government made an objection to the downward adjustment and that the court sustained this objection, we have no way of knowing precisely why and for what reasons the court chose to sustain the objection. **(See Aplt. App. at 12.)** Counsel's failure to designate the relevant record requires this court to hold that Appellant has not met the burden of proving that the district court's findings were clearly erroneous. See McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir. 1991); Trujillo v. Grand Junction Reg'l Ctr., 928 F.2d 973, 976 (10th Cir. 1991) ("When a trial transcript is not designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct.").

Even working from the record we have, it is clear that in the process of seeking to withdraw his guilty plea, Defendant challenged the factual basis of his conviction by contesting the quantity of drugs involved. Defendant cannot on the one hand claim that his conviction is factually incorrect and on the other hand accept responsibility for his actions. See United States v. Salazar-Samaniega, 361

- 8 -

F.2d 1271, 1280 (10th Cir.), cert. denied, 125 S. Ct. 180 (2004) (noting that "admission of the factual elements of guilt is certainly essential to a finding that a defendant accepted responsibility").  As a result, we hold that the district court's decision to deny a two-level adjustment for acceptance of responsibility was not clearly erroneous.

### III.  Sentencing enhancement for possession of firearms

At sentencing, the district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), which applies when the defendant possesses a dangerous weapon (including a firearm) during the offense.  **(Aplt. App. at 12.)**  This enhancement was based upon a statement in the PSR that "[t]he evidence in this case shows that two firearms, a .22 caliber Winchester rifle and a .380 caliber handgun were found in the defendant's bedroom during a search of his residence."  **(Id. at 97.)**  During his plea colloquy, Defendant never admitted to possessing or using a weapon.  **(See id. at 21-40.)**

In his appellate brief, Defendant argues that he is entitled to be resentenced in light of Blakely v. Washington, 124 S. Ct. 2531 (2004).  Blakley held Washington's sentencing scheme violated the Sixth Amendment because it permitted a judge to make factual findings that enhanced a defendant's sentence beyond the sentence supported solely by the facts admitted by the defendant or found by a jury beyond a reasonable doubt.  Id. at 2538.  In United States v.

Booker, 125 S. Ct. 738 (2005), the Supreme Court extended the rule in Blakely to federal sentences and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 765.  To remedy this constitutional violation, the Court excised the statutory provisions making the federal sentencing guidelines mandatory.  See id. at 764-65.

It does not appear that Defendant raised a Sixth Amendment Booker/Blakely-type argument below.  Rather, in his objections to the presentence report, Defendant merely challenged whether the facts contained in the PSR satisfied the requirements of U.S.S.G. § 2D1.1, not whether the district court could make findings of fact without violating the Constitution.[3]  **(Aplt. App. at 110-11.)**  Thus, our review is for plain error.  Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the [district] court's attention."); see Booker, 125 S. Ct. at 769 (noting that plain error applies to Booker claims).

---

[3]Specifically, Defendant lodged three objections to the PSR regarding the presence of firearms in his residence.  **(Aplt. App. at 110-11.)**  First, Defendant argued that the guns were not found in proximity to the drugs or in an area where at least part of the drug transaction occurred.  **(Id. at 110.)**  Second, Defendant asserted it was improbably that the guns were related to the offense because they were unloaded.  **(Id.)**  Finally, Defendant argued that the ammo magazines were also empty and therefore could not have been related to the offense.  **(Id. at 111.)**

Our analysis is guided by the familiar four-part plain-error analysis in United States v. Olano, 507 U.S. 725 (1993): "There must be [1] an error [2] that is plain and [3] that affect[s] substantial rights." Id. at 732. If so, then, [4] the appellate court has discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id.; see also United States v. Clifton, ___ F.3d ___, 2005 WL 941581, at *5 (10th Cir. Apr. 25, 2005) (applying plain error analysis to a constitutional Booker error).

A plain error is a clear or obvious legal error. See Olano, 507 U.S. at 732-34. At the time the district court sentenced Defendant, neither Booker nor Blakely had been decided. Nonetheless, "in a case such as this—where the law at the time of [sentencing] was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration." Johnson v. United States, 520 U.S. 461, 468 (1997). Here, there was a plain error because the district court enhanced Defendant's sentence on the basis of a fact neither admitted by the defendant nor proven to a jury: the possession of a firearm during the commission of the offense.

Defendant has the burden of establishing that this plain error affected his substantial rights. See Olano, 507 U.S. at 734. This is done by showing that there is "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different. United States v. Gonzalez-Huerta, 403

F.3d 727, 733 (10th Cir. 2005) (en banc) (citation omitted). We have recognized at least two ways in which a defendant can carry his burden under the third prong of the plain error test. First, if the defendant shows a reasonable probability that a jury applying the reasonable doubt standard would not have found the same facts found by the court applying a preponderance of the evidence standard, the error has affected his substantial rights. See Clifton, 2005 WL 941581, at *6. Second, a Booker error may affect substantial rights if the defendant shows "a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. 3553(a),[4] the district court judge would reasonably impose a sentence outside the Guidelines range." Clifton, 2005 WL 941581, at *6.

Here we assume, without deciding, that Defendant has met his burden under this second approach. Given the fact that the district court chose to sentence Defendant at the bottom of the enhanced guidelines range, there is at least a reasonable probability that it would have imposed a shorter sentence if it had not erroneously enhanced the Defendant's sentence. See Clifton, 2005 WL 941581,

---

[4]Section 3553(a) requires sentencing courts to take account of factors such as the "the nature and circumstances of the offense and the history and characteristics of the defendant", 18 U.S.C. § 3553(a)(1), the range suggested by the Guidelines, id. § 3553(a)(4), and the need for sentencing uniformity for defendants with similar criminal histories and found guilty of similar conduct, id. § 3553(a)(6).

at *7 (considering, <u>inter alia</u>, the fact that district judge sentenced defendant at bottom of erroneous guideline range in finding that third prong of <u>Olano</u> was met).

However, under the fourth <u>Olano</u> factor, we will only correct a plain error affecting substantial rights if that error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732. As noted above, the error in question here is of a constitutional dimension, since the district court enhanced Defendant's sentence on the basis of facts (other than prior convictions) not found by a jury beyond a reasonable doubt. As a result, we apply a "less rigid" plain error analysis. <u>See</u> <u>Clifton</u>, 2005 WL 941581, at *6.

> Evidence that would tend to support an exercise of our discretion under this standard might include, for example: (a) a sentence increased substantially based on a <u>Booker</u> error; (b) a showing that the district court would likely impose a significantly lighter sentence on remand; (c) a substantial lack of evidence to support the entire sentence the Guidelines required the district court to impose; (d) a showing that objective consideration of the § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines; or (e) other evidence peculiar to the defendant that demonstrates a complete breakdown in the sentencing process.

<u>United States v. Dowlin</u>, ___ F.3d ___, 2005 WL 1155882, at *18 (10th Cir. May 17, 2005) (citations omitted).

But even under this relaxed standard, we are unable to conclude that the error in this case satisfies the fourth prong of <u>Olano</u>. While the error enhanced Defendant's sentence, we cannot say that the enhancement was "substantial."

- 13 -

Here, the district court's <u>Booker</u> error caused a two-point increase in Defendant's offense level. While this is by no means an insignificant error, it is not so substantial as to satisfy the fourth <u>Olano</u> prong. <u>Cf.</u> <u>United States v. Dazey</u>, ___ F.3d ___, 2005 WL 846227 (10th Cir. Apr. 13, 2005) (finding fourth prong of <u>Olano</u> met where <u>Booker</u> error led to a sizable 20 level enhancement). And although Defendant was sentenced at the bottom of the erroneous guidelines range, this fact alone does not necessarily mean that the district court would impose a "significantly" lighter sentence on remand. Furthermore, Defendant has not pointed to anything in the record which might indicate that the firearms seized during the search of his residence (and used to enhance his sentence) were not actually his. Thus, there is nothing to suggest a lack of evidence supporting the guidelines sentence. Finally, we see nothing particularly unique on the facts of this case that would implicate the factors laid out in 18 U.S.C. § 3553(a) or demonstrate "a complete breakdown in the sentencing process." <u>Dowlin</u>, 2005 WL 1155882, at *18.

Thus, although Defendant may have arguably demonstrated a plain error that affects substantial rights, we will not exercise our discretion to correct the error because it does not, in our view, "seriously affect the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732.

**CONCLUSION**

For the reasons stated above, we **AFFIRM** Defendant's conviction and hold that it was not an abuse of discretion for the district court to deny Defendant's motion to withdraw his guilty plea.  We also **AFFIRM** Defendant's sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge