**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Elisabeth A. Shumaker                                    Douglas E. Cressler
Clerk                                              Chief Deputy Clerk

August 16, 2006


**TO:**  ALL RECIPIENTS OF THE ORDER

**RE:**  06-7013, *United States v. Scarborough*

The Order filed August 4, 2006, contained a clerical error. The Court hereby amends the Order and has attached it hereto. The corrected Order is filed nunc pro tunc to the original filing date of August 4, 2006.


Sincerely,
Elisabeth A. Shumaker, Clerk of Court


By:
Deputy Clerk


encl.

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

STANLEY DAYNE
SCARBOROUGH,

       Defendant-Appellant.

No. 06-7013

(D.C. No. CIV-05-398-P)

(E. D. Okla.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

      Stanley Dayne Scarborough is a federal prisoner, appearing pro se, seeking

habeas relief pursuant to 28 U.S.C. § 2255. On September 5, 2003, during an

undercover sting in Wagoner, Oklahoma, law enforcement officers recovered

76.08 grams of cocaine base, 27.06 grams of cocaine, and more than nine grams

of methamphetamine from Mr. Scarborough's residence. He was indicted by a

federal grand jury on three counts of violating 21 U.S.C. § 841(a)(1). Mr.

Scarborough, represented by counsel, pleaded guilty to all three counts. He

subsequently filed a pro se motion to withdraw his plea, which motion was denied

after a hearing. At Mr. Scarborough's sentencing, he objected to the presentence

report's recommended two-level enhancement for possessing a firearm in relation

to the underlying crime and requested a reduction of sentence for acceptance of responsibility. The district court denied his motions and sentenced him to 151 months' imprisonment on each count, with each count to be served concurrently. Mr. Scarborough filed a direct appeal to question whether (1) the district court abused its discretion by denying the motion to withdraw plea, (2) the district court committed clear error by finding the firearm enhancement, and (3) the district court committed clear error by refusing a reduction for acceptance of responsibility. On appeal, we found that the district court did not abuse its discretion by denying the motion to withdraw plea, that Mr. Scarborough was not entitled to a reduction for acceptance of responsibility, and that the two-level enhancement was not plain error. *United States v. Scarborough*, 134 Fed. Appx. 238 (10th Cir. 2005).

Mr. Scarborough, following his loss on appeal, filed this motion for resentencing under *Blakely v. Washington,* 542 U.S. 296 (2004), and claimed ineffective assistance of counsel.

Although Mr. Scarborough did not make a *Blakely* objection at sentencing, he did raise it on direct appeal. We determined that the district court's imposition of the two-level enhancement was plain error, even though *Blakely* had not been decided at the time of Mr. Scarborough's sentencing, but we did not find that it seriously affected his substantial rights. *See Scarborough*, 134 Fed. Appx. at 243. At this time, Mr. Scarborough is not entitled to relief under *Blakely* because his §

2

2255 motion is a collateral attack on his sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (holding that *Blakely* principles do not apply retroactively to cases on collateral review).

The trial court erroneously concluded that Mr. Scarborough's ineffective assistance of trial counsel claim was waived when he failed to raise the issue on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal."). Despite the erroneous legal conclusion regarding waiver, the district court also addressed the merits of Mr. Scarborough's ineffective assistance of counsel claim. We find no error in the district court's treatment of the merits.

Mr. Scarborough also raises a claim of ineffective assistance of appellate counsel, specifically that his appellate counsel failed to submit a transcript of sentencing to the appellate court. Here, we are in accord with the district court's application of the *Strickland v. Washington*, 466 U.S. 668, 686 (1984), test and determine that his claim is meritless.

Mr. Scarborough now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Mr. Scarborough must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

3

2253(c)(2) (1994).  To meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed the briefs of Mr. Scarborough and Appellee, the district court's disposition, and the record on appeal.  Nothing in the facts, the record on appeal, or Mr. Scarborough's filing raises an issue which meets our standard for the grant of a certificate of appealability.  For substantially the same reasons set forth by the district court in its Order of January 31, 2006, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."  *Id.*

Accordingly, we **DENY** Mr. Scarborough's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

4